OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

April 12, 2001

The Honorable Phil Garrett
Palo Pinto County Attorney
P.O. Box 190
Palo Pinto, Texas 76484

Opinion No. JC-0365

Re: Disposition of state funds received by a county from a county attorney's partial waiver of annual compensation (RQ-0310-JC)

Dear Mr. Garrett:

You ask whether the commissioners court has sole authority to decide how to spend state funds received from a county prosecutor's partial waiver of annual compensation under chapter 46 of the Government Code. The funds are received by the county, not by the county prosecutor, and spending decisions are to be made by the commissioners court, subject to statutory limits on using these funds. The commissioners court must use these funds for the expenses of the county prosecutor's office and may not reduce the county funds it provides for the prosecutor's office as a result of receiving state funds.

Your question relates to Government Code chapter 46, which provides for state supplementation of the salaries of certain prosecutors who do not engage in the private practice of law. Chapter 46 applies to a "state prosecutor," defined as "a district attorney, criminal district attorney, or county attorney performing the duties of district attorney who serves in a district or county listed in Section 46.002." TEX. GOV'T CODE ANN. § 46.001(3) (Vernon Supp. 2001). State prosecutors receive a state supplement of $22,500 a year to help defray the salaries and expenses of their offices. *See id.* § 46.004(a). Pursuant to a 1999 amendment, chapter 46 provides for a salary supplement for a "county prosecutor," defined as "a constitutional county attorney who does not have general felony jurisdiction and who is not a state prosecutor." *Id.* § 46.001(1); *see* Act of May 26, 1999, 76th Leg., R.S., ch. 1570, § 1, 1999 Tex. Gen. Laws 5392. Government Code section 46.0031 states the formula for determining a county prosecutor's state salary supplement, basing it on a district judge's "benchmark salary" as provided in the General Appropriations Act. *See* TEX. GOV'T CODE ANN. §§ 46.001(2) (defining "benchmark salary"); .0031 (Vernon Supp. 2001); General Appropriations Act, 76th Leg., R.S., ch. 1589, art. IV-17, 1999 Tex. Gen. Laws 5446, 5942 ("Judiciary Section, Comptroller's Department"). If receiving compensation under section 46.0031 "causes the gross salary of a county prosecutor to exceed the benchmark salary, or if any amount of the compensation is waived by the prosecutor, the excess or waived amount shall be used for expenses of the county prosecutor's office." TEX. GOV'T CODE ANN. § 46.0031(c) (Vernon Supp. 2001).

You inform us that the Palo Pinto County Attorney is a county prosecutor within chapter 46 of the Government Code.[1] He filed a written waiver of $2,905 of his annual compensation for the 2000-2001 budget year and submitted a request to purchase computer software for his office from the waived compensation, which the commissioners court denied.[2] You ask whether the funds a county receives from a county prosecutor's partial waiver of annual compensation may be expended only at the discretion of the commissioners court.[3]

You suggest that the answer to your question is controlled by Attorney General Opinion JM-428 (1986), which concluded that state funds received by a district attorney under section 46.004 of the Government Code were not subject to appropriation or control by the commissioners court.[4] *See* Tex. Att'y Gen. Op. No. JM-428 (1986) at 3; *see also* Tex. Att'y Gen. Op. No. JM-70 (1983) (concerning county budget for prosecuting attorney's fees). Under section 46.004, a state prosecutor "is entitled to receive not less than $22,500 a year from the state to be used by the prosecutor to help defray the salaries and expenses of the office." TEX. GOV'T CODE ANN. § 46.004(a) (Vernon Supp. 2001). Because the statute authorizes the state prosecutor to receive and use the funds, the commissioners court did not have possession or control of the funds and had no authority to veto the district attorney's decisions on spending them. *See* Tex. Att'y Gen. Op. Nos. JM-428 (1986) at 3; JM-70 (1983) at 2-3.

Attorney General Opinion JM-428 does not address the expenses of county prosecutors, who were not covered by Chapter 46 of the Government Code when that opinion was issued. *See* Act of May 26, 1999, 76th Leg., R.S., ch. 1570, § 1, 1999 Tex. Gen. Laws 5392 (amending chapter 46 of the Government Code to include county prosecutors). Moreover, state funds allocable to county prosecutors are governed not by section 46.004 of the Government Code but by section 46.0031, which operates differently from section 46.004. Thus, Attorney General Opinion JM-428 and its analysis of section 46.004 are not relevant to your question.

Section 46.0031 requires the county prosecutor's state salary supplement to be paid to the county and disbursed by the county to the prosecutor. It provides that "[a]t least annually *the comptroller shall pay to the salary fund of each county* that is entitled to receive funds under this section an amount authorized under this section to supplement the salary of the county prosecutor." TEX. GOV'T CODE ANN. § 46.0031(d) (Vernon Supp. 2001) (emphasis added). In addition, "each

---

[1]*See* Letter from Honorable Phil Garrett, Palo Pinto County Attorney, to Susan Gusky, Chair, Opinion Committee, Office of the Texas Attorney General at 1 (Nov. 10, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

[2]*See* Request Letter, *supra* note 1, at 1.

[3]*See* Request Letter, *supra* note 1, at 1.

[4]*See* Request Letter, *supra* note 1, at 2.

county that has a county prosecutor is entitled to receive from the state supplemental salary compensation *to be paid by the county to the county prosecutor . . . ." Id.* § 46.0031(a) (emphasis added). Thus, the state salary supplement, including the portion waived by the county prosecutor, goes to the county salary fund. *See* TEX. LOC. GOV'T CODE ANN. § 154.007(a) (Vernon 1999) (commissioners court may direct that money that would otherwise be deposited in salary fund shall be deposited in county general fund). Unlike the state prosecutor's expense fund, it is subject to the county budget process. *See id.* §§ 111.004(b), .034(b) (among other financial information, budget must show cash on hand in each county fund and funds to be received from all sources); *see also Comm'rs Court v. Criminal Dist. Attorney, Caldwell County,* 690 S.W.2d 932, 936 (Tex. App.–Austin 1985, writ ref'd n.r.e.) (prosecutor has statutory authority to "set" salaries for his or her employees, but ordinary budget processes apply to those salaries, and commissioners court may change prosecutor's salary recommendations).

Government Code chapter 46 nevertheless places some limits on the commissioners court's discretion in spending the compensation waived by the county prosecutor. This money "shall be used for expenses of the county prosecutor's office," TEX. GOV'T CODE ANN. § 46.0031(c) (Vernon Supp. 2001), and the commissioners court "may not reduce the county funds provided for the salary or office of the prosecutor as a result of the funds provided by" Government Code chapter 46, *id.* § 46.006(b). Within these limits, the commissioners court may exercise its reasonable discretion as to which expenses of the county prosecutor's office will be funded from the waived amount of compensation. *See* Tex. Att'y Gen. Op. No. JC-0214 (2000) (respective authority of county sheriff and commissioners court over budgetary matters).

Section 46.0031 of the Government Code may be contrasted with Code of Criminal Procedure article 102.007, pertaining to the fees collected by a county attorney, district attorney, or criminal district attorney for collecting a "hot check." These fees "shall be deposited in the county treasury in a special fund to be administered by the county attorney, district attorney, or criminal district attorney." TEX. CODE CRIM. PROC. ANN. art. 102.007(f) (Vernon Supp. 2001). "Expenditures from this fund shall be at the sole discretion of the attorney and may be used only to defray the salaries and expenses of the prosecutor's office . . . ." *Id.* This fund is wholly outside the county budgeting process. *See* Tex. Att'y Gen. Op. No. DM-357 (1995) at 6.

Section 46.0031 may also be contrasted with section 23.122 of the Texas Tax Code. Like Code of Criminal Procedure article 102.007, section 23.122 of the Tax Code gives a county officer discretion to spend a special fund without going through the county budget process. *See* TEX. TAX. CODE ANN. § 23.122 (Vernon Supp. 2001). Section 23.122 provides that the county tax assessor-collector shall retain the interest from the Motor Vehicle Inventory Tax Fund to defray the costs of administering the procedure for prepaying the tax. *See id.* § 23.122(c). The tax assessor-collector may decide how to spend the fund for administrative costs without the commissioners court's approval. *See* Tex. Att'y Gen. Op. Nos. JC-0149 (1999) at 2; JC-0135 (1999) at 2; DM-398 (1996) at 3.

Section 46.0031 of the Government Code does not create a special fund under the county prosecutor's control or otherwise remove the commissioners court from the process of budgeting the funds attributable to the county prosecutor's partial waiver of annual compensation. The commissioners court may exercise reasonable discretion in allocating those funds to the expenses of the county prosecutor's office.

## S U M M A R Y

State funds resulting from a county prosecutor's partial waiver of annual compensation under Government Code chapter 46 are received by the county and not the county prosecutor. These funds are subject to the county budget process and are to be allocated by the commissioners court to the expenses of the county prosecutor's office. The commissioners court may not reduce the county funds provided for the prosecutor's office as a result of the state funds provided under chapter 46.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee